# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1485V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | | Chief Special Master Corcoran |
| THOMAS PELELO, | * | |
| | * | Filed: October 18, 2021 |
| Petitioner, | * | |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*James Cook,* Dutton, Daniels, Hines, Kalkhoff, Cook & Swanson, PLC, Waterloo, IA, for Petitioner.

*Catherine Stolar,* U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART ATTORNEY'S FEES AND COSTS[1]

On October 10, 2017, Ann Pelelo, mother of Thomas Pelelo, filed a petition on his behalf seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Mr. Pelelo (who later became the named petitioner after he turned 18) alleged that experienced Parsonage-Turner syndrome, a/k/a brachial neuritis, after receipt of a human papillomavirus ("HPV") vaccine on December 29, 2015. Petition (ECF No. 1) at 1. I issued a

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

decision denying entitlement to compensation after receiving briefs from the parties. *See* Decision, dated August 6, 2021 (ECF No. 64). Petitioners did not appeal my determination.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated October 5, 2021 (ECF No. 67). Mr. Pelelo requests a final award of $48,882.23 in attorney's fees and costs for the work of one attorney, Mr. James Cook, Esq. Motion at 29. Respondent reacted to the fees request on October 8, 2021. *See* Response, dated October 8, 2021 (ECF No. 68). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. Response at 2–3.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$48,650.23**.

## ANALYSIS

I.   **Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation.

In short, the claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have

sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[3]

Here, although Petitioner's claim was ultimately unsuccessful, I find there was sufficient objective basis to entitle him to a fees and costs award. The claim relied on the fact that other vaccines have been deemed in the Program to cause brachial neuritis, but not nearly enough evidence was offered to establish that the HPV vaccine could also do so, or that it did in the very short timeframe at issue. Nevertheless, the fact of injury was corroborated in the record, there was some treater support for causation, the record supported aspects of Petitioner's theory, and Petitioner's expert offered a reasonable opinion. Accordingly, reasonable basis is established. And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II.     Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine

---

[3] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

3

Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the same $250.00 hourly rate for Mr. Cook for all work performed on this matter from 2016 to 2020. ECF No. 67 at 3–29. Mr. Cook practices in Waterloo, Iowa - a jurisdiction that has been deemed "in forum," and thus entitling him to the rates established for Program attorneys in *McCulloch* and set forth in the Office of Special Masters' fee schedule.[4] *See Wetterling v. Sec'y of Health & Human Servs.*, No. 17-144V, 2019 WL 441956, at *6 (Fed. Cl. Spec. Mstr. Jan. 10, 2019). There are, however, few reasoned decisions setting forth what hourly rate under *McCulloch* is appropriate for Mr. Cook. The only other prior case I have identified paid him only $230.00 per hour for work performed in 2016 (and hence less than he seeks herein for the same time period). *See Steen v. Sec'y of Health & Hum. Servs.*, No. 15-176V, 2016 WL 2754913, at *1 (Fed. Cl. Spec. Mstr. Apr. 21, 2016).

Given Mr. Cook's overall experience (he has been practicing for 33 years), I see no reason not to award him $250 an hour for the time spent on this matter, which is significantly below the Office of Special Masters Attorney's Forum Hourly Rate Fee Schedule. However, his previous receipt of $230 per hour for 2016 should also be followed, as it is not appropriate in the Program to retroactively increase rates above what an attorney has received in prior cases. Accordingly, I will adopt these two rates for all time billed to the matter, and I also deem the time devoted to the matter reasonable. Because only 2016 time will be compensated at a lower rate than requested, Petitioner's fee award shall be lowered to $24,568.00.[5]

### III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

---

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Oct. 15, 2021).

[5] In 2016, Mr. Cook worked 11.6 hours on this matter. At an hourly rate of $250, the total amount of work in 2016 equals $2,900. At the correct rate of $230, however, Mr. Cook billed the lesser sum of $2,668 in 2016. $2,900 minus $2,668 is a difference of $232. The requested rate of $24,800.00, minus $232, equals $24,568.00.

Petitioner seeks $91.50 paid out of pocket, plus $23,990.73 in costs incurred since the claim's filing, including medical record retrieval costs and fees for the work of expert Allan J. Fink, M.D. ECF No. 67 at 31. Dr. Fink received a retainer of $3,000.00. *Id.* Dr. Fink also received an overall sum of $17,550.00 for his services in providing three expert reports. *Id.*

I find Dr. Fink's retainer and overall sum billed for his work to be reasonable and find no reason to make any reductions for this value. In addition, medical record retrieval costs are typical in Program cases and are thus eligible for reimbursement. Mailing and Distribution costs are also typical, and I do not find any of those requested costs unreasonable. Thus, they shall also be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs in its entirety, and award a total of **$48,650.23,** reflecting $24,568.00 in attorney's fees, $23,990.73 in attorneys' costs, and $91.50 Petitioner paid out of pocket, in the form of a check made jointly payable to Petitioner and his attorney, Mr. James H. Cook.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.